```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| SUSAN HACKER, | Case No. ED CV 12-1706-PJW |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when he discounted the opinion of a social worker and when he relied on a vocational expert's testimony that she could perform the jobs of cleaner, packager, and assembler. For the reasons explained below, the Court concludes that the ALJ did not err.

## II. SUMMARY OF PROCEEDINGS

In June 2007, Plaintiff applied for SSI, claiming that she was disabled due to mental illness and depression. (Administrative Record

("AR") 79-85, 100.) Her application was denied initially and on reconsideration, after which she requested and was granted a hearing before an ALJ. (AR 36-48, 52-54, 59-63.) Following the hearing in March 2009, the ALJ issued a decision, finding that Plaintiff was not disabled. (AR 6-15.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-5.) She then appealed to this court. On June 22, 2011, the Court remanded the case to the Agency to consider a treating physician's evaluation and an opinion by a consulting psychiatrist. (AR 300-10.)

Following remand, a different ALJ conducted a hearing on June 15, 2012, at which Plaintiff appeared with counsel and testified. (AR 263-99.) A social worker also testified on Plaintiff's behalf. (AR 282-88.) On July 9, 2012, the ALJ issued a decision denying benefits. (AR 242-56.) Plaintiff then commenced this action.

## III. DISCUSSION

A.  <u>The ALJ's Rejection of the Social Worker's Testimony</u>

Plaintiff contends that the ALJ erred when he rejected the social worker's opinion that Plaintiff would not be able to hold down a full-time job. For the following reasons, the Court concludes that the ALJ did not err.

At the June 2012 hearing, a social worker testified that Plaintiff was "in denial" about her symptoms and opined that her inability to make judgements, follow through, or stay on task would prevent her from holding down a full-time job. (AR 284-85.) The ALJ rejected the social worker's opinion because it was contradicted by the testimony of the medical expert, Dr. David Glassmire. (AR 252-53.) Dr. Glassmire reviewed the medical evidence, including a letter from the social worker, and testified that Plaintiff was capable of

routine work that was not complex, fast-paced, or involved teamwork and that did not require her to be hypervigilant, to interact with the public, or to be responsible for the safety of others.  (AR 269, 271.)

Social workers are not "acceptable medical sources." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)(3).)  As a result, an ALJ may disregard a social worker's opinion for reasons that are germane to the witness.  *Id.* at 1224 (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).  The ALJ's rejection of the social worker's testimony on the ground that it was inconsistent with the doctor's testimony was germane to the social worker, *see, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2007) (holding "[i]nconsistency with medical evidence" is germane reason to discredit lay witness testimony); *Lewis*, 236 F.3d at 511 (stating "[o]ne reason for which an ALJ may discount lay testimony is that it conflicts with the medical evidence"), and was supported by substantial evidence in the record, i.e., Dr. Glassmire's testimony.  As such, the ALJ's finding here will not be disturbed.

   B.   The Vocational Expert's Testimony

The vocational expert testified that, despite Plaintiff's limitations, she could work as a cleaner (DOT No. 381.687-018), a packager (DOT No. 920.587-018), and an assembler (DOT No. 709.684-014). (AR 297.)  He also made clear that his opinion did not conflict with the DOT.  (AR 298.)  Plaintiff's counsel did not challenge that testimony at the administrative hearing.  (AR 298.)  Plaintiff complains here, however, that the vocational expert erred when he determined that she could perform these jobs because they require her to be hypervigilant, interact with the public, perform fast-paced

work, and be responsible for the safety of others.  (Joint Stip. at 16-21.)  For the following reasons, the Court disagrees.

Plaintiff contends that the cleaner job would require her to interact with the public because the DOT description specifies that a cleaner must clean "working areas," transport products and supplies "between departments or buildings," and maintain plant grounds. (Joint Stip. at 16-18.)  The Court does not see a conflict here. Though the job of cleaner requires a worker to clean, among other things, areas that are occupied by workers, nothing in the DOT suggests that these areas have to be cleaned while the workers are there.  Presumably, such cleaning is performed after the workers have gone home for the night, which prevents the cleaning crew from disrupting the workers while they are working.

As to Plaintiff's claim that she might be required to travel from one office, department, or building to another and, therefore, necessarily interact with the public, again, the Court does not see this as a conflict with the DOT.  The fact that Plaintiff may have to pass other people in a building or on the street going from one job site to another does not mean she would be interacting with the public.

Plaintiff contends that the cleaner job requires hypervigilance because she would have to clean machines, overhead pipes, and conveyors, and might have to operate a truck.  Again, the Court does not agree.  Working with machines, even dangerous machines, does not require hypervigilance. *See, e.g.*, *Lair v. Colvin*, 2013 WL 1247708, at *4 (C.D. Cal. Mar. 25, 2013) (rejecting claimant's argument that working with "dangerous machines" would require her to maintain a state of hypervigilance).

4

1   For these same reasons, Plaintiff's argument that she could not
2 perform the work of a packager is also rejected. (Joint Stip. at 18-
3 19.) The fact that this job might require the operation of a conveyor
4 belt does not mean that it requires hypervigilance. *Lair,* 2013 WL
5 1247708, at *4. As to Plaintiff's argument that the job would be
6 fast-paced and might affect the safety of others, the vocational
7 expert testified, unchallenged, that the packager job was "bench work
8 in nature and not team or a line work." (AR 297.)
9   Finally, Plaintiff argues that the job of an assembler would
10 require fast-paced work. (Joint Stip. at 19-20.) Once again, the
11 vocational expert testified that this job did not involve line work
12 but, rather, individual bench work. (AR 297.) And Plaintiff has not
13 shown that this testimony was inconsistent with the DOT. For all of
14 these reasons, the Court concludes that the ALJ did not err in relying
15 on the vocational expert's testimony.

## IV. CONCLUSION

For the reasons set forth above, the Agency's decision is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: October 30, 2013.

*Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\HACKER, 1706\Memo Opinion and Order.wpd